983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John and Darphine SMITH, on behalf of John Tyrone Smith,
Jr., a minor, Petitioners-Appellants,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 92-5102.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1992.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 John and Darphine Smith (collectively "the Smiths" or "petitioners"), on behalf of their son, John Tyrone Smith, Jr., appeal the decision of the United States Claims Court affirming the special master's dismissal of their claim for compensation under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act") as untimely. Smith v. Secretary of the Dep't of Health and Human Servs., No. 91-906V (Cl.Ct. March 27, 1992). Because the Claims Court correctly determined that neither Rule 3(b)(2)(C) of the Rules of the United States Claims Court (RUSCC) nor equitable tolling applies to this case, we affirm.
 
 DISCUSSION
 
 2
 The Vaccine Act establishes a statutory deadline after which claims for injuries sustained from vaccines administered prior to the enactment of the Vaccine Act cannot be filed:
 
 
 3
 In the case of--(1) a vaccine set forth in the Vaccine Injury Table which is administered before the effective date of this subpart, if a vaccine-related injury or death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury or death after the expiration of 28 months after the effective date of this subpart
 
 
 4
 * * *
 
 
 5
 42 U.S.C.A. § 300aa-16 (West 1991). Twenty-eight months after the effective date of the subpart is February 1, 1991. Because the vaccine in this case was administered prior to the enactment of the Act, the Smiths' petition had to be filed by that date. The Smiths' petition was received and filed by the Clerk of the Claims Court on February 8, 1991, seven days after the statutory deadline relating to that vaccine.
 
 
 6
 On appeal, petitioners argue either that their claim was filed within time pursuant to RUSCC 3(b)(2)(C) or that equitable tolling should apply to support waiver of the statutory deadline for filing their claim under the Vaccine Act. Because the issue of whether either the rule or the doctrine would apply is a legal question, we must review the Claims Court's determinations for correctness in law. Munn v. Secretary of Dep't of Health and Human Servs., 970 F.2d 863, 870 n. 10 (Fed.Cir.1992) (stating that legal questions are reviewed by this court under the "not in accordance with law" standard of the Vaccine Act). See Hines v. Secretary of the Dep't the Dep't of Health and Human Servs., 940 F.2d 1518, 1524 (Fed.Cir.1991).
 
 
 7
 Petitioners first argue that Vaccine Rule 17(a), which is set forth in RUSCC Appendix J, and which states that a "document is filed with the Office of Special Masters when actually received and marked filed by the clerk, not when mailed," does not apply to the filing of a petition. RUSCC App. J, Rule 17(a). Petitioners assert that the title of Rule 17 limits the application of the rule to papers filed "After the Petition." Apparently assuming that the Vaccine Rules do not otherwise define when a petition is filed, petitioners "submit that where the Vaccine Rules are silent, of necessity the Court must rely upon the RUSCC and the admonition in Rule 1 of the Vaccine Rules that the Special Master is to process claims consistent with the rules and 'purpose of the Vaccine Act.' "
 
 
 8
 Even assuming, as petitioners urge, that Vaccine Rule 17(a) does not apply, we do not agree with petitioners' subsequent assertions. First, the Vaccine Rules are not silent on the question of when a petition is filed. Vaccine Rule 2 states: "A proceeding for compensation under the Vaccine Act shall be commenced by the filing of a petition, accompanied by the documents required under 42 U.S.C. § 300aa-11(c) and the Vaccine Rules, in the United States Claims Court." RUSCC App.J, Rule 2(a) (emphasis added). The same rule also provides: "Petitions not accompanied by all the documents required by statute and the Vaccine Rules, or an affidavit explaining why any missing required documents are unavailable, will not be filed by the clerk." RUSCC App.J, Rule 2(e)(4) (emphasis added). Thus, Vaccine Rule 2 makes it abundantly clear that a petition is not filed until it is both received in the Claims Court and found by the clerk in compliance with the statute and rules.[1]
 
 
 9
 Because the Vaccine Rules themselves define when a petition is filed, it is, therefore, not necessary to rely on the general rules of the Claims Court set forth in RUSCC, as advocated by petitioners. Moreover, the Vaccine Rules specifically state that "[t]he RUSCC apply only to the extent referenced." RUSCC App.J, Rule 1. Rule 3(b)(2)(C) of the RUSCC, relied upon by petitioners, is not referenced in the Vaccine Rules, and accordingly, does not apply.
 
 
 10
 Petitioners argue, "in the alternative, if Appendix J, Rule 17(a) does apply to the filing of the petition, the language is so misleading as to entitle petitioners to equitable tolling." Petitioners principally argue that because they are proceeding pro se and because the rules are so misleading, they should be treated with leniency. Additionally, petitioners argue that the fact that they sent their petition by certified mail shows their willingness to comply with the rules. However sympathetic these arguments may be, we are simply without authority to act on them. The Claims Court correctly stated that "[w]here the purpose of a statute of limitation is 'clearly to serve as a cutoff ... tolling principles do not apply.' " Slip op. at 5 (quoting Lampf, Pleva, Lipkind, Prupis & Pettigrow v. Gilbertson, 111 S.Ct. 2773, 2782 (1991)). Both the Claims Court and the special master correctly concluded that February 1, 1991 was clearly intended to serve as a cutoff for claims on vaccines administered before the effective date of the Vaccine Act.
 
 
 11
 Because petitioners failed to file within the statutory deadline and because neither RUSCC 3(b)(2)(C) nor equitable tolling could apply, the Claims Court properly affirmed the special master's dismissal of the petition as untimely filed.
 
 
 
 [1]
 Vaccine Rule 3 also makes it clear that the clerk of the Claims Court actually performs the act of filing the petition. That rule begins: "Once a petition has been filed by the clerk...." RUSCC App.J, Rule 3